IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KORY WINGLER,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 20-cv-3168
Crim No. 2:13-cr-125
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 67). This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that the motion to vacate (Doc. No. 67) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I.    BACKGROUND

Petitioner challenges his convictions pursuant to his guilty plea on conspiracy to commit robbery under the Hobbs Act, in violation of 21 U.S.C. § 1951(a); two counts of robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951 and § 2; and carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c). (Doc. Nos. 2, 13). On October 16, 2013, the Court imposed an aggregate term of 180 months' imprisonment, plus five years of supervised release. (Doc. Nos. 37, 38). On May 23, 2016, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 54). On September 13, 2016, the Court dismissed that action with prejudice at Petitioner's request. (Doc. Nos. 64, 65).

On June 23, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 67). He asserts that his conviction on carrying a firearm during and in relation to a crime of violence under § 924(c) is constitutionally invalid in view of *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019). However, as discussed, this is not Petitioner's first federal habeas corpus petition.

## II.     SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed a prior motion to vacate, his present motion constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not." *Warren v. Burt*, No. 1:13-cv-570, 2013 WL 3014161, at *2 (W.D. Mich. June 17, 2013) (citing *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–46 (1998)). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it. *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

### III. DISPOSITION

Accordingly, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 67) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

4

Date:  June 24, 2020  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE