# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KORY WINGLER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 20-CV-3168
CRIM. NO. 2:13-CR-125
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## **OPINION AND ORDER**

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 67). He asserts that his conviction on carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c), violates *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019). On February 10, 2021, the United States Court of Appeals for the Sixth Circuit granted authorization for the filing of this second or successive § 2255 action. (*Order*, Doc. 70). It is the Respondent's position that relief should be granted. (*Response*, Doc. 72). For the reasons that follow, the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 67) is **GRANTED**.

Accordingly, on May 20, 2021, the Court held a re-sentencing hearing, vacating Petitioner's conviction and sentence on Count Four under § 924(c) and issuing an Amended Judgment of sentence on his remaining convictions. (See Docs. 74, 75).

## I.    BACKGROUND

On August 22, 2013, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to conspiracy to commit robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a); two counts of robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a) and § 2; and carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. §

924(c)(1)(A)(i). (Docs. 2, 13). Petitioner's conviction on Count Four of the Information under § 924(c) is predicated on the charge of conspiracy to commit a robbery under the Hobbs Act. (*Information*, Doc. 1, PAGEID # 5). On October 16, 2013, the Court sentenced Petitioner pursuant to the agreement of the parties to an aggregate term of 180 months' incarceration to be followed by five years of supervised release. (Docs. 29, 37.) Petitioner did not file an appeal. On June 23, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 67). As discussed, he asserts that his conviction on carrying a firearm during and in relation to a crime of violence under § 924(c) violates *Davis*, because the predicate crime for that offense, conspiracy to commit a Hobbs Act robbery, does not constitute a crime of violence under § 924(c)(1)(A).

## II. DISCUSSION

18 U.S.C. § 924(c) defines a "crime of violence" as a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court in *Davis* invalidated the "residual clause" of § 924(c)(3)(B) as unconstitutionally vague. *Davis*, 139 S.Ct. at 2325. Thus, "[a]fter *Davis*, a conviction under § 924(c) is sustainable only if the underlying 'crime of violence' meets the definition of that term in § 924(c)(3)(A), the so-called 'elements' clause." *United States v. Fugate*, No. 3:09-cr-165, 2020 WL 3469269, at *3 (S.D. Ohio June 25, 2020). Further, conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A), because it does not require proof of any element directly implicating the use of force. *See Baugh v. United States*, No. 3:16-cv-02628, 2020 WL 409728, at *3 (M.D. Tenn. Jan. 24, 2020) (citing *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019); *United States v.*

2

*Barrett*, 937 F.3d 126, 130 (2nd Cir. 2019); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019); *Winston v. United States*, No. 16-00865, 2019 WL 4753803, at *3 (M.D. Tenn. Sept. 30, 2019) (Lawson, J.)); *see also Wright v. United States*, 425 F.Supp.3d 791, 794 (M.D. Tenn. 2020) (conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only under the now constitutionally invalid residual clause of § 924(c)(3)(B)) (citing *United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019)). Moreover, the United States Court of Appeals for the Sixth Circuit has expressly held that *Davis* applies retroactively to cases on collateral review. *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020). Therefore, Petitioner's conviction under 18 U.S.C. § 924(c), predicated on the crime of conspiracy to commit a Hobbs robbery in Count Four of the Information, fails in view of the Supreme Court's decision in *Davis*.

### III. DISPOSITION

For the foregoing reasons, the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 67) is **GRANTED**.

Accordingly, on May 20, 2021, the Court held a re-sentencing hearing, vacating Petitioner's conviction and sentence on Count Four under § 924(c) and issuing an Amended Judgment of sentence on his remaining convictions. (See Docs. 74, 75).

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE